(No. 4289-)

HARRY WILBUR HANSEN AND GUSTAVE F. ADLER, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 6, 1951.*

DAVID ALSWANG AND LEE W. CARRIER, Attorneys for Claimants.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimants, Harry Wilbur Hansen and Gustave F. Adler, seek to recover from respondent for its negligence in failing to light and warn of the presence of barricades located in the right-hand lane of one of the public highways maintained and controlled by respondent.

The Departmental Report on file herein reads in part as follows:

"Marked Highway Route 83 at and near its intersection with marked highway Route 7 in Cook County, Illinois, is a part of the System of State Highways.

Having that status, Route 83 has been under the jurisdiction of the Department of Public Works and Buildings from 1936 to the present for the purposes of construction, reconstruction, operation and maintenance.

At the place referred to in claimants' complaint, Route 83 is twenty feet in width, constructed of Portland Cement concrete, and has shoulders ten feet in width.

Between points one-half mile and one and one-half miles west of Route 7 on Route 83, the Division of Highways made what are known as four pavement patches. These patches were made during the week of October 10 to 16, 1948. A patch is made by removing a section of broken pavement from the outside edge to the centerline, reforming the subgrade, and filling the opening with new concrete. The lengths of patches are variable; in this instance they were 65, 30, 17, and 28 feet. The last of the four patches was made October 14, 1948, or three days before the accident experienced by claimants. The patches herein referred to were in the south half of the pavement—lane for east bound traffic. There were no patches or obstructions of any kind in the lane for west bound traffic."

Shortly after 10:00 P.M. on October 17, 1948, the car owned by claimant, Gustave F. Adler, and operated by his son, Robert E. Adler, was proceeding along Highway No. 83 in an easterly direction near the intersection of said highway with Route No. 7 in Cook County, Illinois. Riding in the car were seven people. In the front seat, beside the driver, Robert Alder, were his wife, Dorothy, and son, Bobby, who was sitting on Mrs. Adler's lap. In the back seat, sitting on the right hand side, was claimant, Harry Wilbur Hansen. Sitting next to him was his wife, Myrtle, holding the Adler's daughter, Linda, on her lap, and on the left side was sitting Harry Wilbur Hansen, Jr. Mrs. Adler was the daughter of Mr. and Mrs. Harry Wilbur Hansen.

Earlier that evening the occupants of the car had visited another daughter of the Hansens living in Elgin, and were returning home at the time of the accident involved herein.

The car, a 1940 DeSoto sedan, was in good mechanical condition, and had been recently overhauled. Said car belonged to claimant, Gustave F. Adler, who

had loaned it that day to his son, Robert Adler, for the purpose for which it was used.

The route of the Adler car proceeded in an easterly direction along Highway No. 83, and Adler was driving with his car lights in a dimmed position at a speed of 30-35 miles per hour in his lane. The terrain was gently rolling. The occupants of the car were all quiet. The car windshield was clean. It was dark, but clear, and the pavement was dry.

Just prior to the accident, a truck driven by Ralph R. Hurst, then of St. Paul, Minnesota, was proceeding toward the Adler car in its proper lane, and Mr. Hurst dimmed the truck lights about 1,300 feet from the Adler car.

Suddenly the lights of the Adler car illuminated an unlighted barricade just a few feet in front, and in the lane of the Adler car. The car crashed into the barricade, and Alder lost control. The car turned over, and was so badly wrecked that it was later sold for junk. None of the occupants of the Adler car were injured except Harry Wilbur Hansen, who was thrown out of the car, and pinned beneath the wreckage when the car came to rest.

Several disinterested witnesses testified for claimants. The testimony of Mr. Hurst was taken by deposition at Los Angeles, California, where he was then living. Their testimony showed that the barricade area was not illuminated by flares, and that no flares were burning in any part of the area to warn Robert Adler of the impending danger.

It is our opinion that respondent was guilty of negligence. *Pomprowitz* vs. *State*, 16 C.C.R. 230; *Rommel* vs. *State*, No. 4306, opinion filed February 9, 1951.

Respondent makes no contention as to contribu-

tory negligence being an issue in this case, and the record amply shows freedom from contributory negligence on the part of claimants.

Claimants are, therefore, entitled to awards. As to the damages, Section 8 C of the Court of Claims Act limits recovery for cases sounding in tort to $2,500.00 for each claimant.

Harry Wilbur Hansen is clearly entitled to $2,500.00. He sustained serious fractures of the right humerus and right scapula, and a fracture of the fourth and fifth dorsal vertebrae. He had multiple contusions, and was in a state of shock for some time. He remained in the hospital for almost six months, and his medical and hospital bills exceeded $1,100.00. He lost six months wages as a conductor for the Chicago Transit Authority, in which position he had earned $320.00 per month. He has permanent limitation of motion in his right shoulder, and his injuries were conceded to be extremely painful.

Gustave F. Adler is entitled to be reimbursed for the damage to his automobile. He received $100.00 for the salvage, and the uncontroverted testimony shows that the vehicle was worth $895.00 just prior to the accident, leaving Mr. Adler's loss at $795.00.

An award is, therefore, entered in favor of claimant, Harry Wilbur Hansen, in the sum of $2,500.00.

An award is, therefore, entered in favor of claimant, Gustave F. Adler, in the sum of $795.00.